IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EUGENE J. FIEDLER, | ) | 4:08CV3144 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA | ) | |
| DEPARTMENT OF ROADS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

Plaintiff filed his Complaint in this matter on July 8, 2008. (Filing No. 6.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on July 8, 2008, against the Nebraska Department of Roads ("NDOR"), the Nebraska Association of Public Employees, the Nebraska Equal Opportunity Commission (collectively, the "State Agencies"), and 22 individuals. (Filing No. 6 at CM/ECF pp. 1-2.) Plaintiff is a former NDOR employee who currently resides in Weston, Nebraska. (*Id.* at CM/ECF pp. 1, 33.)

Condensed and summarized, Plaintiff sues Defendants under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Family and Medical Leave Act ("FMLA"). (*Id.* at CM/ECF pp. 3, 24-32.) Plaintiff alleges that Defendants dismissed him from his job because he took FMLA leave. (*Id.* at CM/ECF pp. 24-29.) Plaintiff

also alleges Defendants discriminated against him because he was over 40 years of age, and because he has a disability. (*Id.* at CM/ECF pp. 29-32.) Plaintiff seeks $500,000,000.00 in compensatory and punitive damages, as well as lost wages and benefits, and attorneys fees. (*Id.* at CM/ECF p. 33.) Plaintiff also seeks injunctive relief in the form of a court order that reinstates Plaintiff's employment at the NDOR. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Claims for Monetary Relief

#### 1. Sovereign Immunity-State Agencies

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.,* 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

The Supreme Court has established that sovereign immunity bars suits for money damages against a state and its agencies under ADA and the ADEA. *Bd. Of Trustees of Univ. Of Alabama v. Garrett,* 531 U.S. 356, 374 (2001); *Kimel v. Florida Bd. Of Regents,* 528 U.S. 62, 91 (2000). Similarly, state agencies are protected by sovereign immunity against claims brought under the FMLA self-care provision. However, state agencies are not entitled to sovereign immunity for claims arising under the FMLA family-care provision. *Nevada Department of Human Resources v. Hibbs,* 538 U.S. 721, 741 (2003) (holding that the FMLA family-care provisions abrogated the states' Eleventh Amendment immunity).

Here, Plaintiff asserts claims against three state agencies, and 22 individuals under the ADA, ADEA, FMLA self-care provisions, and FMLA family-care provisions. (Filing No. 6 at CM/ECF pp. 1, 3, 24-32.) As set forth above, state agencies enjoy sovereign immunity for monetary damages claims arising under the ADA, ADEA, and FMLA self-care provisions. Therefore, Plaintiff's monetary damages claims against the State Agencies under the ADA, ADEA, and FMLA self-care provisions must be dismissed.

### 2. Sovereign Immunity-Individual Defendants

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See,*

*e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "[t]his court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment, as set forth above. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Plaintiff here has failed to specify the capacity in which he sues the 22 individual Defendants and has failed to state whether the individual Defendants are state employees. (*Id.* at CM/ECF p. 2.) As set forth above, if the individual Defendants are state employees sued in their official capacities only, the claims against them for monetary damages must be dismissed. Therefore, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state in which capacity he sues the individual Defendants. In addition, Plaintiff should specify whether the individual Defendants are state employees. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 6) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Further, if Plaintiff fails to amend his Complaint in accordance with this Memorandum and Order, the court will presume that Defendants are sued in their official capacities only and will dismiss the claims for monetary damages without further notice.

**B.    Claims for Injunctive Relief**

4

### 1. Plaintiff's ADEA Claims

Liberally construed, Plaintiff's Complaint sets forth claims for injunctive relief under the ADEA. The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1). To establish a prima facie claim of age discrimination, a plaintiff must show he (1) was at least forty years old; (2) was terminated; (3) was meeting the employer's reasonable expectations at the time of the termination; and (4) was replaced by someone substantially younger. *Mayer v. Nextel West Corp.*, 318 F.3d 803, 807 (8th Cir. 2003); *see also Haas v. Kelly Servs., Inc.*, 409 F.3d 1030, 1035 (8th Cir. 2005). In addition, a plaintiff must show "intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). A plaintiff can prove intentional discrimination by either presenting direct evidence of discrimination based on age or by presenting circumstantial evidence. *Id.* at 1332 (citations omitted).

Although Plaintiff alleges that he is 40 years of age, and that he was terminated, he does not allege that he was replaced by someone substantially younger, or that he was meeting the expectations of his employer at the time he was terminated. (Filing No. 6 at CM/ECF p. 30.) In short, Plaintiff has not alleged a cognizable claim under the ADEA. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state an ADEA claim for injunctive relief upon which relief can be granted against Defendants. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 6) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### 2. Plaintiff's ADA Claims

Plaintiff's Complaint also sets forth claims for injunctive relief under the ADA. *See* 42 U.S.C. §§ 12101-12213. An employee who seeks relief under the ADA must establish that he is disabled within its meaning, that he is qualified to perform the essential functions of his job with or without reasonable accommodation, and that he suffered an adverse employment action in

5

circumstances that give rise to an inference of unlawful discrimination based on disability. *Dropinski v. Douglas County, Neb.*, 298 F.3d 704, 706-07 (8th Cir.2002). The employee retains the burden of persuading the trier of fact that he has been the victim of illegal discrimination due to his disability. *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 (8th Cir. 1995).

A person is disabled within the meaning of the ADA only if that person demonstrates that he has a physical or mental impairment which substantially limits one or more of her major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

Here, Plaintiff alleges that he suffers from multiple medical conditions including, asthma, fibromyalgia, and irritable bowel syndrome. (Filing No. 6 at CM/ECF pp. 8, 10.) Plaintiff also alleges, with accommodations, he is able to perform the functions of his job and, while employed, he received satisfactory performance evaluations and a promotion. (*Id.* at CM/ECF pp. 4-5, 13.) Further, Plaintiff alleges he was dismissed from his job because he took FMLA leave, one of the accommodations for his "serious health condition . . . ." (*Id.* at CM/ECF pp. 4, 24-29.)

Liberally construed, Plaintiff has alleged sufficient facts to "nudge" his ADA claims across the line from conceivable to plausible. As a result, Plaintiff's ADA claims for injunctive relief against the State Agencies may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Because the court has elected to grant Plaintiff 30 days to amend his Complaint, summons will not be issued for Plaintiff's claims until after amendment of the Complaint as set forth in this Memorandum and Order.

### 3. Plaintiff's FMLA Claims

In addition to his ADEA and ADA claims, Plaintiff alleges Defendants failed to comply with the FMLA. (Filing No. 6 at CM/ECF pp. 3, 24-29.) The FMLA prohibits employers from discriminating against employees for using FMLA leave. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir.2006). Under the FMLA, an eligible employee may take up to twelve weeks of unpaid leave during a twelve-month period in order to "care for a [family member that] has a serious health condition" or for "a serious health condition that makes the employee unable to perform the functions of [their] position . . . ." 29 U.S.C. § 2612(1)(C); 29 U.S.C. § 2612(1)(D). An employee triggers his employer's duties under the act when he provides enough information to put that employer on notice that he may be in need of FMLA leave. *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1049 (8th Cir.1999), *cert. denied*, 528 U.S. 1050 (1999).

As discussed above, Plaintiff alleges that he has a serious health condition that qualifies him for FMLA leave. (Filing No. 6 at CM/ECF p. 4.) Plaintiff also alleges that he needed to take FMLA leave in order to care for his "aging parents [with] . . . serious health conditions." (*Id.* at CM/ECF p. 4.) Moreover, Plaintiff alleges that he informed, or reminded, his employer of his need to take FMLA leave several times. (*Id.* at CM/ECF pp. 4, 15-17.) Despite these reminders, Plaintiff alleges he was denied FMLA leave on numerous occasions. (*Id.* at CM/ECF pp. 23-24.) These allegations are sufficient to nudge Plaintiff's FMLA claims across the line from conceivable to plausible. As a result, Plaintiff's claims for injunctive relief against the State Agencies under the FMLA family-care provisions, and the FMLA self-care provisions (for injunctive relief only), may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Again, because the court has elected to grant Plaintiff 30 days to amend his Complaint, summons will not be issued for these claims until after the amendment of the Complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary damages under the ADA, ADEA, and FMLA self-care provisions against the Nebraska Department of Roads, the Nebraska Association of Public Employees, and the Nebraska Equal Opportunity Commission are dismissed.

2. Plaintiff's claims for monetary damages under the FMLA family-care provisions, and Plaintiff's claims for injunctive relief under the ADA and FMLA self-care provisions may proceed against the Nebraska Department of Roads, the Nebraska Association of Public Employees, and the Nebraska Equal Opportunity Commission. However, no summons will be issued until Plaintiff has an opportunity to amend his Complaint in accordance with this Memorandum and Order.

3. Plaintiff shall have until **October 30, 2008** to amend his Complaint to specify the capacity in which he sues the individual Defendants, and to allege whether the individual Defendants are state employees. If Plaintiff fails to file an amended complaint, Plaintiff's claims against the individual Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted, and summons will be issued for Plaintiff's ADA and FMLA claims only, in accordance with this Memorandum and Order.

4. Plaintiff shall have until **October 30, 2008** to amend his Complaint to clearly state an ADEA claim for injunctive relief upon which relief may be granted against Defendants. If Plaintiff fails to file an amended complaint, Plaintiff's ADEA claims will be dismissed without further notice for failure to state a claim upon which relief may be granted, and summons will be issued for Plaintiff's ADA and FMLA claims only, in accordance with this Memorandum and Order.

5. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 6), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

6. No summons will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

7. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 30, 2008**.

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

September 30, 2008.                    BY THE COURT:


                                       s/ Joseph F. Bataillon
                                       Chief United States District Judge