IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EUGENE J. FIEDLER,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>STATE OF NEBRASKA, et al.,  )<br>  )<br>Defendants.  )<br>  ) | 4:08CV3144<br><br>MEMORANDUM AND ORDER |

Before the court are the motions to dismiss (Filing Nos. 60, 62, 64, 66, 68, 70, 72, 74, and 76) of defendant State of Nebraska Department of Roads, and the following defendants in their individual capacities as employees of the State: Moe Jamshidi, Ron Bohling, Diane Holthus, Michael Mitchell, Robert Rea, Joseph Kuehn, Monty Fredrickson, and John Craig, filed pursuant to Fed. R. Civ. Pro. 12(b)(6).[1] Because all nine motions to dismiss are identical, the court will consider them as one motion. Plaintiff filed a complaint, Filing No. 1, and later filed an amended complaint, Filing No. 11. Although the plaintiff signed the amended complaint, the amended complaint was actually electronically filed by an attorney, Joy Shiffermiller. Thereafter, Ms. Shiffermiller filed an appearance on behalf of plaintiff. Filing No. 12.

The complaint appears to allege violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111-12117 ("ADA"), the Age Discrimination in Employment Act of 1967, as amended,

---

[1] The following individual defendants did not file a Rule 12(b)(6) motion to dismiss: Laird Weishahn, Carolyn Mattice, and George Woolsrum. All of the plaintiff's claims under the ADA, ADEA, and the FMLA against these three individual defendants, therefore, are preserved at this time. However, the Court urges counsel for the plaintiff to amend her complaint as to these defendants, so as to comply with the dictates set forth in this memorandum and order and to comply with Fed. R. Civ. P. 8 and 10.

29 U.S.C. § 621 *et seq.* (1994 ed. and Supp. III) ("ADEA"), and 42 U.S.C. § 1983. Upon review of the amended "pro se" complaint, the defendants' motions to dismiss, and applicable caselaw, the court finds that plaintiff's counsel should be granted leave to file an amended complaint to correct the deficiencies found below. The defendants' motions to dismiss, therefore, are denied as moot at this time, subject to reassertion following the plaintiff's filing of a new, amended complaint by counsel.

## FACTUAL BACKGROUND AND DISCUSSION

Plaintiff filed his initial complaint in this matter on July 8, 2008. Filing No. 6. At that time, the court granted the plaintiff leave to proceed in forma pauperis. Filing No. 7. On September 30, 2008, the court conducted its initial review of the plaintiff's pro se complaint to determine whether any of the plaintiff's claims warranted summary dismissal pursuant to 28 U.S.C. § 1915(e)(2). *See* Filing No. 8. In its September 30. 2008, order, the court concluded that the plaintiff's complaint contained deficiencies, and consequently some of the plaintiff's claims did not sufficiently state a claim in accordance with Fed. R. Civ. Pro. 8(a)(2). *See* Filing No. 8.

The plaintiff subsequently filed an amended complaint on October 30, 2008. Filing No. 11. It is unclear from the face of his amended complaint, however, whether the plaintiff filed this amended complaint pro se or through his newly retained counsel. The docket in this case shows that Ms. Joy A. Shiffermiller ("Shiffermiller") entered her appearance on the same day that the plaintiff filed his amended complaint. *See* Filing Nos. 11 and 12. While the first page of the amended complaint captions the amended complaint as the "Amended Pro Se Complaint," the CM/ECF docket entry for the filing of the amended complaint shows that the amended complaint was filed "by Attorney Joy A. Shiffermiller on behalf of Eugene J. Fiedler (Shiffermiller, Joy)." Filing No. 11. Shiffermiller, however, did

not sign her name to the amended complaint, nor did she sign a certificate of service to accompany its filing. *See* Filing No. 11.

This distinction is significant, as it determines the standard of review by which the court will consider whether the plaintiff has successfully stated a claim pursuant to Fed. R. Civ. Pro. 8(a)(2). In contrast to a complaint filed under the signature of an attorney, a pro se complaint must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted). The "allegations of [a] pro se complaint . . . [are] h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Where a pro se plaintiff does not set forth enough factual allegations to "nudg[e] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967) and setting a new standard for failure to state a claim upon which relief may be granted for courts reviewing pro se complaints).

Because it is unclear whether the plaintiff filed his amended complaint pro se or through his recently retained counsel, the court will deny the defendants' motions to dismiss at this time and grant the plaintiff leave to file a new, amended complaint, by and through his attorney–in hopes that his attorney will be able to correct the deficiencies found below.[2]

---

[2] The court's September 30, 2008, order, however, dismissed some of the plaintiff's claims which the plaintiff may not attempt to reassert now. *See* Filing No. 8. After conducting its initial review, the court dismissed the plaintiff's monetary damages claims against the State Agencies under the ADA, ADEA, and FMLA self-care provisions, concluding that "[t]he Supreme Court has established that sovereign immunity bars suits for money damages against a state and its agencies under ADA and the ADEA." Filing No. 8 at 3 (quoting *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001) ; *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000)). The court also concluded that "state agencies are protected by sovereign immunity against claims brought under the FMLA self-care provision[,]" but found that "state agencies are not

First, the plaintiff's ADEA and ADA monetary claims for relief against Moe Jamshidi, Ron Bohling, Diane Holthus, Michael Mitchell, Robert Rea, Joseph Kuehn, Monty Fredrickson, and John Craig, in their individual capacities, are dismissed at this time, with prejudice. In his brief in opposition to the defendants' motions (Filing No. 78), signed and filed by Shiffermiller, the plaintiff agrees with the defendants' argument that his ADA and ADEA actions against these individual defendants should be dismissed, stating that "[i]t is true that there is not action against the individuals for the ADA or the ADEA." Filing No. 78 at 6. Accordingly, the court finds that the plaintiff's actions against Moe Jamshidi, Ron Bohling, Diane Holthus, Michael Mitchell, Robert Rea, Joseph Kuehn, Monty Fredrickson, and John Craig pursuant to the ADA and the ADEA, in their individual capacities, are dismissed with prejudice.

The court finds the amended complaint deficient to a degree that requires counsel to file a second amended complaint. In his amended "pro se" complaint (Filing No. 11), the plaintiff failed to allege sufficient facts regarding each individual defendant's actions that could give rise to a cognizable action under the FMLA. Instead, the plaintiff lists a "Chronology" of events (*see* Filing No. 11 at 9-23) that haphazardly cites to facts pertaining to some individual defendants, but contains only a cursory mention of some defendants' supervisory authority over the plaintiff. The amended complaint fails to comply with Fed. R. Civ. P. 8 and 10. At this time, the court grants the plaintiff leave to amend his complaint, by and through his recently retained counsel, in order to sufficiently and succinctly plead

---

entitled to sovereign immunity for claims arising under the FMLA family-care provision." Filing No. 8 at 3 (citing *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721, 741 (2003) (holding that the FMLA family-care provisions abrogated the states' Eleventh Amendment immunity)). Consequently, the plaintiff may not attempt to amend or reassert any monetary claims against the State of Nebraska Department of Roads for violations of the ADA, ADEA, and FMLA self-care provisions. The court has dismissed these claims with prejudice.

the facts regarding each individual defendant's actions that the plaintiff believes should give rise to a cognizable FMLA cause of action. The defendants' motions to dismiss the plaintiff's FMLA claims against Moe Jamshidi, Ron Bohling, Diane Holthus, Michael Mitchell, Robert Rea, Joseph Kuehn, Monty Fredrickson, and John Craig, in their individual capacities, are denied as moot at this time, subject to reassertion.

Additionally, instead of stating a claim for relief pursuant to 42 U.S.C. § 1983 in a complaint, in his response to the defendants' motions to dismiss (Filing No. 78), the plaintiff stated that he was bringing this action pursuant to "42 USC 1983 equal protection." Filing No. 78 at 6. This statement in the plaintiff's response, however, is not connected to any defendants or facts or any legal theory. Consequently, the plaintiff has not pleaded a cause of action pursuant to 42 U.S.C. § 1983 for the court to consider. If counsel chooses to maintain this cause of action, she must set forth an appropriate legal and factual claim to support the claim in accordance with Fed. R. Civ. P. 8 and 10.

## CONCLUSION

For the aforementioned reasons, the court orders the plaintiff's counsel, Ms. Shiffermiller, to file a new, amended complaint that clearly alleges facts and legal theories to support the plaintiff's claims as they relate to each defendant in accordance with Fed. R. Civ. Pro. 8 and 10. The defendants' motions to dismiss are denied as moot at this time, subject to reassertion after an amended complaint is filed. Accordingly,

IT IS ORDERED:

1. Defendants' motions to dismiss (Filing Nos. 60, 62, 64, 66, 68, 70, 72, 74, and 76) are denied at this time as moot.

2. Plaintiff's counsel is ordered to file an amended complaint, within thirty days from the date of this order, that complies with Fed. R. Civ. Pro. 8 and 10, this Memorandum and Order, and the court's previously filed Memorandum and Order dated September 30, 2008 (Filing No. 8).

DATED this 18th day of May, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge